## BERENICE N. DOERLER
#### vs.
## GOODWORK, INCORPORATED

Superior Court     New Haven County     File #46054
Present: Hon. JOHN RUFUS BOOTH, Judge.
Wynne & Emanuelson,       Attorneys for the Plaintiff.
W. J. Carrig,       Attorney for the Defendant.

**MEMORANDUM FILED FEBRUARY 18, 1935.**

BOOTH (JOHN RUFUS), J. The plaintiff is the owner of premises near the cleaning establishment of the defendant, and claims relief by an injunction and damages from injury sustained and claimed to be threatened due to the operation of the defendant's plant. There can be no question that there are certain odors, smoke and noise emanated from the plant of the defendant, and that there has been from time to time some inconvenience and annoyance therefrom suffered by the plaintiff. The defendant has maintained a plant on its premises for about fourteen years, although additions have been recently made incident to the expansion of the business.

That the plaintiff should make out a case for the relief claimed she must establish that the operation of the defendant's plant was unreasonable, for only by such use of the defendant's property could the damage to the plaintiff be held to be an unnecessary incident of life in the neighborhood in which she resides. (**Nailor vs. Blakeslee & Sons, 117 Conn. 241.**) Upon all of the evidence and a personal inspection of the premises of the parties and the processes used by the defendant in its business, it is found that the operation of the defendant's cleaning establishment is not unreasonable and does not impose an unnecessary burden upon the plaintiff's enjoyment of her property. The determination of this issue being decisive of the case, it is unnecessary to discuss the other elements necessary to establish the plaintiff's claim for injunctive relief or damages.

For the foregoing reasons judgment is rendered for the defendant upon the issues of the complaint and for the defendant to recover of the plaintiff its costs.